### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

ROBERT CRAIG MACLEOD,

        Plaintiff,

vs.                                                              Case No. 3:14-cv-753-J-32JBT

GOVERNOR RICK SCOTT, et al.,

        Defendants.

_____

### **ORDER**

This case is before the Court on pro se plaintiff's Complaint (Doc. 1), Motion for Leave to Proceed In Forma Pauperis and Affidavit of Indigency (Docs. 2 & 3), Motion Requesting Stay for Time Sensitive Criticality (Doc. 5), Motion for Permission to File Electronically (Doc. 7), and Motion for Appointment of Counsel (Doc. 9). Plaintiff apparently is the defendant and counter-claimant in a pending civil law suit in St. Johns County where the court has set the matter for an upcoming non-jury trial, despite plaintiff's demand for trial by jury on his counter-claim. Through his filings in this federal lawsuit, plaintiff seeks to have the Court compel certain state officers to enforce plaintiff's right to a trial by jury, claiming that their failure to do so violates 42 U.S.C. § 1983.

Under the Younger doctrine,[1] this Court has no jurisdiction to interfere with plaintiff's pending state court proceeding, as has been thoroughly explained to plaintiff in his previous attempts to secure relief in this Court. See Macleod v. State of Florida, Case No. 3:13-cv-606-J-34JBT, Orders denying plaintiff's motions, Docs. 5, 10, 20, 22, 29, 34, 44, 47.

---

[1] Younger v. Harris, 401 U.S. 37 (1971).

Plaintiff's attempt to create a federal cause of action by invoking the United States Constitution's Seventh Amendment right to trial by jury is unavailing as the Seventh Amendment governs proceedings in federal court, not state court,[2] and plaintiff's right to a trial by jury under Florida law is a matter for him to pursue in state court, not here. See Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998) (explaining that one of the two necessary elements to state a claim under 42 U.S.C. § 1983 is that the defendant has deprived the plaintiff of a right secured under the United States Constitution or federal law). For these reasons, the Court finds plaintiff's motions (Docs. 3, 5, 7, 9) are due to be denied and his complaint is due to be dismissed for lack of subject matter jurisdiction. Although the Court would ordinarily permit an opportunity to amend a complaint before dismissal (especially with a pro se plaintiff), any amendment would be futile in light of the limited (but unavailable) relief plaintiff is seeking in this case.[3]

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motions (Docs. 3, 5, 7, 9) are **DENIED**. Plaintiff's complaint is **DISMISSED with prejudice** for lack of jurisdiction. The Clerk shall close the file.

---

[2] See, e.g., Gasperini v. Ctr for Humanities, Inc., 518 U.S. 415, 418 (1996); Curtis v. Loether, 415 U.S. 189, 192, n.6 (1974); Minneapolis & St. Louis R.R. Co. v. Bombolis, 241 U.S. 211, 217 (1916).

[3] The Court notes that in addition to the past federal law suit mentioned above, plaintiff filed four other cases this week against the Governor and Attorney General, all apparently seeking to have this Court interfere with some aspect of the pending state court proceedings. See Case Nos. 3:14-cv-792-J-34JRK, 3:14-cv-793-39MCR, 3:14-cv-794-J-39MCR, 3:14-cv-805-J-34JRK.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of July, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
pro se plaintiff