**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROBERT CRAIG MACLEOD,

    Plaintiff,

v.                                          Case No. 3:14-cv-753-J-32JBT

GOVERNOR RICK SCOTT, et al.,

    Defendants.

## O R D E R

This case is before the Court on pro se plaintiff's motion for reconsideration (Doc. 11), filed after the Court dismissed the case with prejudice for lack of jurisdiction. (Doc. 10). Macleod filed an additional motion asking the undersigned to recuse himself (Doc. 12).

**I.    MOTION TO RECUSE**

Macleod asks the undersigned to recuse himself under 28 U.S.C. § 455(a). A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." §455(a). The standard under § 455 "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (quotation and citation omitted).

"A charge of partiality must be supported by some factual basis . . . . Recusal cannot be based on unsupported, irrational or highly tenuous speculation." United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) (quotation and citation omitted). Thus, "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation. [Otherwise], the price of maintaining the purity of the appearance of justice would be

the power of litigants or third parties to exercise a veto over the assignment of judges." United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986). "Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion. The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990) (citation omitted). "An exception to this general rule occurs when the movant demonstrates 'pervasive bias and prejudice.'" Id. (citation omitted).

Macleod contends that this Court's Order of dismissal showed a lack of understanding of the law, and included fabricated facts. (Doc. 12 at 1). Macleod summarily asserts that the Order had a "rabid emotional nature," thus leading one to question the impartiality of the undersigned. (Doc. 12 at 4). Macleod has failed to allege a bias that is personal and extrajudicial, and an objective, disinterested, lay observer would not entertain a significant doubt about the undersigned's impartiality. The motion to recuse is therefore denied.

## II.   MOTION FOR RECONSIDERATION

Plaintiff asks for relief from the Court's Order of dismissal pursuant to Fed. R. Civ. P. 60(b)(3) which provides for relief from "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). This is a heavy burden to prove, as the standard is by "clear and convincing evidence." Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007). Additionally, Macleod must show that the alleged conduct in question prevented him from "fully and fairly presenting his case or defense." Id. Here, the Court dismissed the case before any defendant was served and thus the case is clearly free from "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3) (emphasis supplied). Upon review of the Motion for Reconsideration, the Court finds no valid basis for granting Macleod relief from the

Court's prior Order.[1]

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Relief under Rule 60(b)(3) (Doc. 11) and Motion to Disqualify (Doc. 12) are **DENIED**. This file remains closed.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of September, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

cg.

Copies to:
Pro se Plaintiff

---

[1] Although styled as a motion filed pursuant to Rule 60(b)(3), to the extent Macleod intended to seek relief under Fed. R. Civ. P. 59(e), the motion is still due to be denied, as Macleod's motion simply relitigates matters that were or "could have been raised prior to the entry of judgment." See Wilchombe v. TeeVe Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (citation omitted) (holding a motion for reconsideration cannot replicate prior arguments).

As this Court has already explained in this case (see Doc. 10) and in one of Macleod's related cases (see 3:14-cv-830-J-32JBT, Doc. 13), this Court has no jurisdiction to intervene in procedures of the state court. This Court cannot interfere with pending "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 591 (2013) (citation omitted). Furthermore, under the Rooker-Feldman abstention doctrine, this Court lacks jurisdiction to review orders once the case concludes. Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)).